# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

BABCOCK POWER, INC., *et al*.

      Plaintiffs,

v.                                                                 CASE NO. 3:13-CV-717-CRS-CHL

STEPHEN T. KAPSALIS, *et al*.

      Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion to Compel Defendant Stephen T. Kapsalis to Comply with Outstanding Discovery Obligations" ("Motion to Compel") (DN 190) filed by plaintiffs Babcock Power, Inc. ("Babcock") and Vogt Power International, Inc. ("Vogt Power"). Defendant Stephen T. Kapsalis filed a response (DN 199), and plaintiffs have filed a reply (DN 209). Plaintiffs have also filed a Motion to Seal (DN 210) in conjunction with their reply. Therefore, this matter is ripe for review.

## I.    BACKGROUND

In the Motion to Compel, plaintiffs aver that they served Kapsalis with a second set of interrogatories and request for production on October 27, 2015. (DN 190.) Plaintiffs contend that Kapsalis's objections and responses were due November 30, 2015, but that he has provided none. (DN 190-1, p. 1.) Plaintiffs also describe, and attach as exhibits, various correspondence between counsel for plaintiffs and counsel for Kapsalis that demonstrate multiple attempts between the parties to resolve their discovery disputes, including the scope of the second set of

interrogatories and request for production to Kapsalis. (*See id*. at 2-5.) Plaintiffs also make a request for attorneys' fees pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

In his response, filed February 17, 2016, Kapsalis states that the parties were working on an agreement that would satisfy defendants' discovery obligations, including responses to the second set of interrogatories and request for productions served on Kapsalis. (DN 199, p. 2.) Kapsalis states that, in an effort to avoid further judicial intervention, he is responding to the second set of interrogatories and request for production in full; therefore, he requests that the Court deny the Motion to Compel as moot. (*Id*.)

On February 26, 2016, the Court held a telephonic status conference with counsel. (*See* DN 208.) During that telephone status conference, plaintiffs' counsel indicated that Kapsalis did, in fact, respond to some of the discovery requests at issue. (*Id*. at 3.) Therefore, the Court ordered plaintiffs to indicate in their reply brief whether Kapsalis's responses to the discovery requests at issue rendered their Motion to Compel moot. (*Id*.)

In their reply, plaintiffs state that they cannot yet determine if Kapsalis has fully responded to the October 27, 2015 discovery requests, *i.e.*, the second set of interrogatories and request for production. (DN 209, p. 1.) Plaintiffs indicate that Kapsalis provided no objections to the discovery requests and that certain documents appear to be missing from the production. (*Id*. at 1-2.) The only specific example of purportedly missing documents that plaintiffs provide are texts from Kapsalis to Trey Wills, Vice President for the Power Group for Fluor Corporation. (*Id*. at 2.) Plaintiffs contend, based on an email sent from Kapsalis to Wills on September 30, 2013, that Kapsalis should have produced text messages from or between himself and Wills from December 1, 2012 to the present. (*Id*.) Plaintiffs also reiterate their request for attorneys' fees,

arguing that they repeatedly requested that Kapsalis provide responses to the discovery requests at issue, and that Kapsalis has provided no justification for the delay. (*Id*. at 4-5.)

## II. DISCUSSION

### A. Second Set of Interrogatories and Request for Production to Kapsalis

The Court finds that, due to Kapsalis's apparent response to the discovery requests at issue, the Motion to Compel is moot. The only possible issue is whether, in fact, text messages exist between Kapsalis and Wills that are responsive to Interrogatory 13 as plaintiffs claim. Plaintiffs indicate that no such text messages were produced. (*See* DN 209, p. 2 ["[T]here should be text messages in the production from September of 2013 between Kapsalis and Mr. Wills. There are not, and Kapsalis testified at his recent deposition that he did not know why those text messages were not produced."].) However, Interrogatory 13 of plaintiffs' second set of interrogatories to Kapsalis states: "Identify all text message communications between yourself and Trey Wills from December 1, 2012 to the present"; in response, Kapsalis (or his counsel) stated: "Pursuant to FRCP 33(d), *Responsive documents are attached*." (DN 199-3, p. 4 [emphasis added].) The Court is not aware of the reason for this apparent discrepancy. Plaintiffs appear to claim that no text messages between Kapsalis and Wills were produced; Kapsalis's answer to Interrogatory 13 indicates that some type of responsive document was produced.

Therefore, to resolve this matter, the Court will fashion a set of questions for Kapsalis to answer. Before doing so, the Court observes that Interrogatory 13 is overbroad and should have been limited to a specific subject; it should have been more limited in time as well (*see* DN 158 [noting that, based on the restriction regarding diverting business opportunities in Kapsalis's employment agreement with plaintiffs, the Court could envision interrogatories to Express

3

limited in time, *e.g.*, from April 11, 2013 to April 11, 2014].) Based on these observations, the Court directs Kapsalis to answer the following questions: (1) were any text messages between Kapsalis and Wills for the time period of December 1, 2012 to April 11, 2014 produced to plaintiffs in response to Interrogatory 13?; (2) if the answer is "no," did any text messages between Kapsalis and Wills from December 1, 2012 to April 11, 2014 regarding any business opportunities ever exist?; (3) if the answer is "yes," explain why the text messages are no longer exist or are no longer accessible. Kapsalis shall file and serve his answer(s) to these questions by August 8, 2016.[1]

### B. Attorneys' Fees Pursuant to Rule 37(a)(5)

Rule 37(a)(5) states, "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The Court is not granting plaintiffs' Motion to Compel; however, the requested discovery responses were provided *after* the Motion to Compel was filed. Nonetheless, payment of reasonable expenses is not warranted where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." (*Id*.)

---

[1] The Court recognizes that the parties - who are intimately familiar with the facts and allegations in this matter - not the Court are in the best position to craft discovery requests that are directed at obtaining relevant information. The Court only does so as a last resort. The Court notes that the subject of any texts between Kaspalis and Wills could possibly have been narrowed even more based on the employment agreement that Kapsalis had with plaintiffs. In the absence of any objection by Kaspalis, however, the Court believes that the limitation prescribed will suffice.

It is readily apparent that the parties attempted to come to an agreement regarding the discovery requests at issue. Indeed, plaintiffs painstakingly recount these efforts. Therefore, it appears that Kapsalis's non-response to the discovery requests was substantially justified. Moreover, under these circumstances – that is, what appears to be an attempt between the parties to come to an agreement regarding this discovery dispute – an award of expenses to plaintiffs would be unjust. Therefore, the Court denies plaintiffs' request for attorneys' fees. That being said, the Court notes that conditioning responses to discovery requests on another party's agreement to do the same, in a tit-for-tat manner, will not be countenanced; each party has an independent duty to timely and in good-faith respond to discovery requests. Nor will plaintiffs' alleged failure to identify trade secrets serve as an excuse to not serve, at a minimum, objections to propounded discovery requests to the extent any exist.

      C.      **Motion to Seal (DN 210)**

Plaintiffs filed a Motion to Seal (DN 210) in conjunction with their reply, asking the Court to seal Exhibit A (DN 209-1), which is an email between Kapsalis and Wills that copies portions of a sales plan for defendant Express Group Holdings, LLC. Defendants filed a response to the Motion to Seal, stating that this exhibit has already been used in conjunction with other filings (*see, e.g.*, DN 124-4, DN 127-3, and DN 143-20) and that the Court has already found compelling reasons to file that exhibit under seal (*see* DN 171). Under these circumstances, the Court finds that the Motion to Seal should be granted.

**III.    CONCLUSION**

      Accordingly,

IT IS ORDERED that the Motion to Compel (DN 190) is DENIED AS MOOT. The request for attorneys' fees contained therein is DENIED.

IT IS FURTHER ORDERED that, on or before **August 8, 2016**, Kapsalis shall file and serve answers to the following questions: (1) were any text messages between Kapsalis and Wills for the time period of December 1, 2012 to April 11, 2014 produced to plaintiffs in response to Interrogatory 13?; (2) if the answer is "no," did any text messages between Kapsalis and Wills from December 1, 2012 to April 11, 2014 regarding any business opportunities ever exist?; (3) if the answer is "yes," explain why the text messages no longer exist or are no longer accessible.

IT IS FURTHER ORDERED that the Motion to Seal (DN 210) is GRANTED.

cc: Counsel of record