UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BABCOCK POWER, INC., et al.                                                                PLAINTIFFS

v.                                                                                              3:13-CV-717-CRS

STEPHEN T. KAPSALIS, et al.                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the objections (DN 258) of defendant Stephen T. Kapsalis and non-party Carol Kapsalis, to the April 28, 2016 Memorandum Opinion and Order of the United States Magistrate Judge (DN 246) denying the Kapsalises' motion for a protective order. The motion sought to quash a deposition subpoena served on Carol Kapsalis. The magistrate judge declined to quash the subpoena, finding that neither the adverse spousal privilege nor the confidential marital communications privilege, recognized under federal law, precluded the deposition of Carol Kapsalis in this case. He did, however, limit the matters of inquiry to her knowledge concerning (1) Stephen Kapsalis' involvement running CAM [Carol Kapsalis' business] while he was employed at Vogt Power; (2) the delivery by Vogt Power of boxes to the Kapsalis home, including any observations concerning the content of those boxes; and (3) entertainment with Stephen Kapsalis of Vogt Power customers for Express Group Holdings, LLC ("Express"). The magistrate judge limited the duration of the deposition to three hours.

The court need not restate the underlying facts. The background and arguments are fully laid out in the magistrate judge's opinion. In attempting to preclude Carol Kapsalis' deposition, the Kapsalises argued first that she did not possess any relevant information. They argued alternatively that any information she might possess would only be relevant to state law causes of action and therefore should be subject to the protection of Kentucky's absolute spousal testimonial privilege set forth in the Kentucky Rules of Evidence, KRE 504(a).

In a thorough and carefully considered decision, the magistrate judge considered whether federal or state law should apply, ruling that "federal common law should apply to the spousal privilege asserted in this matter." DN 246, p. 5. In reaching this conclusion, the magistrate judge relied upon a number of decisions in this Circuit applying Fed.R.Evid. 501 to claims of privilege. *Hancock v. Dodson*, 958 F.2d 1367 (6th Cir. 1992); *Sampson v. Sisters of Mercy of Williard, Ohio*, No. 3:12cv824, 2016 WL 362357 (N.D.Ohio, Jan. 29, 2016); *Burkhead & Scott, Inc. v. City of Hopkinsville,* No. 5:12-CV-00198-TBR, 2014 WL 6751205 (W.D.Ky., Dec. 1, 2014).

Noting that federal question jurisdiction was asserted in this case and that pendent state law claims were also plead, the magistrate judge referenced the Senate Report reproduced, in part, in the Advisory Committee Notes to the 1974 Enactment of Fed.R.Evid. 501.[1] For purposes of context, we quote a bit more extensively from the report:

> The formulation [of the rule on privilege] adopted by the House is pregnant with litigious mischief. The committee has, therefore, adopted what we believe will be a clearer and more practical guideline for determining when courts should respect State rules of privilege. Basically, it provides that in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case.]

---

[1] Rule 501 as ultimately enacted differs significantly from earlier proposed versions. Thus the comments in the House and Senate Reports do not directly address Rule 501 as it was ultimately enacted by Congress.

S.Rep.No. 1277, 93d Cong., 2d Sess. 12, Fed.R.Evid. 501, Adv. Comm. Notes, 1974 Enact. (brackets in original indicate text found at fn. 16). The magistrate judge concluded that despite the fact that the parties had briefed the question with reference to Kentucky law, the rule in *Hancock* applied requiring application of federal common law, as this is a federal question case where pendent state law claims are asserted.

The Kapsalises contend that the magistrate judge's ruling is in error because

*...the state law of privilege should be applied to the state claims, and federal law of privilege should only be applied to the federal claims.*

(DN 258, p. 7)( *referencing Gooden v. Ryan's Res. Group, Inc.*, No. 5:04-CV-00179, 2006 WL 2946313 (W.D.Ky. Oct. 12, 2006), an unpublished decision from this district).[2]

The *Gooden* case does not mention *Hancock*, which constitutes binding precedent for this court, or any other cases in support of the application of "Kentucky state privilege law with regard to Kentucky claims and federal privilege common law with respect to federal claims." *Gooden* at *4. Rather, the result reached from the court's "plain reading" of Fed.R.Evid. 501 directly conflicts with the holding in *Hancock*.

Two more recent unpublished decisions cited in the magistrate judge's opinion, *Burkhead*, a 2014 decision from the Western District of Kentucky, and *Sampson*, a 2016 decision

---

[2] The Kapsalises begin their objections to the magistrate judge's decision with the assertion that "when a party acquiesces to application of a state law, the court need not engage in a *sua sponte* choice of law analysis," *citing GBJ Corp. v. Eastern Ohio Paving Co.,* 139 F.3d 1080, 1085 (6th Cir. 1998)(quoting *In re Korean Air Lines Disaster*, 932 F.2d 1475, 1495 (D.C.Cir. 1991)). DN 258, p. 1. However, they stop short of arguing that it was clear error for the magistrate judge to determine under Fed.R.Evid. 501 whether federal or state privilege law applies. Indeed, a stipulation of law is not binding upon an appellate court. *Brown v. United States*, 868 F.2d 859, 864 (6th Cir. 1989), *quoting Avila v. Immigration & Naturalization Serv.*, 731 F.2d 616, 620 (9th Cir. 1984). The magistrate judge correctly addressed the choice of law as a threshold matter in deciding the Kapsalises' motion.

from the Northern District of Ohio, follow *Hancock* in applying federal common law to claims of privilege in federal question cases with pendent state law claims.

The holding in *Hancock* could not be clearer: "Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege." 938 F.2d at 1373.

The holding in *Hancock* prevents the Kapsalises from cloaking Carol Kapsalis' testimony with the state law spousal privilege. Thus, to circumvent the effects of *Hancock*, the Kapsalises urge that the cases cited in the magistrate judge's opinion are distinguishable on their facts from the present case and are therefore inapplicable. They summarize *Hancock, Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455 (N.D.Cal. 1978) upon which the holding in *Hancock* was based, *Sampson,* and *Burkhead*, suggesting that in all of these cases, the federal privilege applied because the potentially-privileged evidence related to both the federal claims and state claims in the case. However, "if wishes were horses, beggars would ride."[3] None of these decisions turned on such facts nor contained such analysis. Indeed, the *only* case from this group which even *mentions* the claims to which the evidence in issue might apply is the *Perrignon* case, discussed later in this opinion, which mentions these claims only generally. Instead, each case was viewed from a macrocosmic perspective. That is, the court ascertained only whether the case was a federal question case and determined whether pendent state law claims were raised. The court did not delve deeper into the claims or evidence in issue.

In discussing *Hancock*, the Kapsalises state:

---

[3] A line taken from a 16th century English nursery rhyme, aptly applied here, whose meaning is that if wishing could make things happen, even those most destitute would have all they wanted. www.dictionary.com.

> *The testimony [of plaintiff's treating physician] pertained to his treatment for injuries allegedly caused by the officer's actions in violation of both federal and state law. Id. [referencing 958 F.2d at 1372].*

DN 258, p. 5. There is no mention in the case of claims to which this evidence purports to relate – federal claims, state claims, or both – at page 1372 or otherwise in the text. The court did not analyze the nature of the claims, but rather followed *Perrignon* which held that "in federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation." 77 F.R.D. at 459. The determination whether to apply the *Hancock* rule was made without regard to the particular evidence sought or its proposed use.

The Kapsalises similarly describe a claim-specific analysis in *Sampson* and *Burkhead* which simply was not made by the court. With respect to *Sampson*, they state:

> *The testimony of the nun – concerning the plaintiff's failure to mention she felt discriminated against because of her age – was offered to refute both the federal age discrimination claim under the ADEA and the State of Ohio age discrimination statute. See Sampson at *3.*

DN 258, p. 6. There is no discussion of the claims or the proposed testimony's relation to those claims anywhere in the cited text. In fact, at the outset of the discussion concerning the Clergy-Communicant Privilege, the court stated without further amplification,

> While Sampson alleges some claims arising under Ohio law, this case primarily involves a federal question – the Age Discrimination in Employment Act. (*See* Doc. No. 22). Therefore, federal privilege law applies. *Hancock*, 958 F.2d at 1373.

*Sampson*, at *2.

The same is true with regard to the *Burkhead* case. The Kapsalises state:

> *The evidence at issue was email communications between the City and the waste management authority pertaining to an ordinance, which the Burkhead court found relevant to both the federal and state law claims. Burkhead at *1.*

DN 258, p. 7. The court in *Burkhead* made no such finding of relevance. As in the other cases, the court did not discuss the evidence or its relationship to the particular claims in making the determination that Fed.R.Evid. 501 required the application of federal common law to the claim of privilege. The *Burkhead* court cited to *Hancock* in concluding that "Where a federal question is presented to a court with pendent state law claims, federal common law governs privilege disputes." *Burkhead* at *1.

The Kapsalises' representations concerning the *Perrignon* case from which the decisions in our Circuit flow also misses the mark. The Kapsalises invite the court to take "a close reading of *Perrignon*…which specifically noted its holding was applicable to evidence relevant to **both** federal and state law claims." DN 258, p. 6. In discussing the *Perrignon* court's decision, the Kapsalises state:

> *At issue was evidence alleged to be protected by the attorney-client privilege. Id. at 457-58. In determining whether to apply federal or state privilege law, the Perrignon court held federal privilege would apply because "both federal and state claims are raised, **and the information sought from Nielsen apparently goes to both federal and state claims**." Id. at 458.*

DN 258, p. 5 (emphasis theirs). While the Kapsalises correctly quote from the case, the court *did not* apply federal common law *because* the information sought apparently applied to both federal and state claims. Rather, the court noted the problem with employment of a "plain reading" of Rule 501, which arguably could require application of federal common law of privileges to federal claims and state law of privileges to state claims. The court stated that

> Such a dual application was not intended by Congress, however. The law of privileges is not just a rule governing the admissibility of evidence. Its primary

> purpose is to protect the confidentiality of certain communications under circumstances where such confidentiality serves broad societal goals. If a communication were privileged under state law but not under federal law, or if a communication were privileged under federal law but not under state law, it would be meaningless to hold the communication privileged for one set of claims but not for the other. Once confidentiality is broken, the basic purpose of the privilege is defeated.

77 F.R.D. at 458. Notably, the court then determined that the approach most consistent with the policy of Fed.R.Evid. 501 was a straightforward determination that

> [W]here pendent state claims are raised[,] the federal common law of privileges should govern all claims of privilege raised in the litigation. This was the approach suggested by the Senate Judiciary Committee (see S.Rep.No. 1277, 93d Cong., 2d Sess. 12 n. 16, reprinted in (1974) U.S. Code Cong. & Admin. News, p. 7059 n. 16), and it seems to be the approach most consistent with the policy of Rule 501. That policy, simply stated, is that '(i)n nondiversity jurisdiction civil cases, federal privilege law will generally apply.' H.R.Rep.No. 1597, 93d Cong., 2d Sess. 7, reprinted in (1974) U.S. Code Cong. & Admin. News, p. 7101. It should not be cast aside simply because pendent state claims are raised in what is primarily a federal question case."

77 F.R.D. at 459.

The court finds infirm that the Kapsalises' grounds for distinguishing the cases relied upon by the magistrate judge. Despite their best attempt to prove otherwise, *Hancock* controls in this matter. Further, the Kapsalises do not contest the presence of pendent state claims, and they acknowledge, as they must, that this action was brought under our federal question jurisdiction. 28 U.S.C. § 1331. We conclude, therefore, that the magistrate judge correctly determined that the federal common law of privileges applied to the evidence sought to be protected in this case, and that Carol Kapsalis' testimony was thus not shielded by a spousal privilege, as the Kapsalises failed to establish that any relevant testimony involved confidential communications.

For the reasons stated hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections (DN 258) of defendant

Stephen Kapsalis and non-party Carol Kapsalis to the Memorandum Opinion and Order (DN 246) of the United States Magistrate Judge are **OVERRULED.**

**IT IS SO ORDERED.**

September 27, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

8