UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-717-CRS-CHL

BABCOCK POWER, INC., et al.,                                                                    Plaintiffs,

v.

STEPHEN T. KAPSALIS, et al.,                                                      Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Joint Motion for Rule 37 Sanctions for Plaintiffs' Failure to Identify Their Trade Secrets with Particularity" ("Joint Motion") (DN 223) filed by defendants Stephen T. Kapsalis and Express Group Holdings, LLC. Plaintiffs Babcock Power, Inc. and Vogt Power International, Inc. filed a response (DN 235), and defendants filed a reply (DN 245). Therefore, this matter is ripe for review. For the reasons contained in this opinion, the Joint Motion is denied.

**I.   BACKGROUND**

On December 27, 2015, the Court issued a memorandum opinion and order (DN 155) addressing a Motion to Compel (DN 116) filed by Kapsalis. In that memorandum opinion and order, the Court ordered plaintiffs to provide to defendants, by January 5, 2016, a "full and complete description, in narrative form, of the specific trade secrets that they claim are at issue; plaintiffs must also identify which documents produced constitute those trade secrets." (*Id*. at 19.)[1] On January 3, 2016, plaintiffs filed a motion (DN 159) requesting an extension of time to identify their trade secrets, among other things; one of the reasons for plaintiffs' request was the

---

[1] The Court also addressed the identification of plaintiffs' trade secrets in a memorandum opinion and order (DN 156) addressing defendants' Joint Motion for Protective Order (DN 117).

mislabeling of Bates numbers on certain documents by a third party vendor, Digital Strata. On January 12, 2016, the Court granted plaintiffs' request for an extension of time. (DN 170.)

On January 5, 2016, despite filing the motion requesting an extension of time, plaintiffs served a preliminary list (DN 235-1) of Bates-numbered documents that they deemed trade secrets and/or which contained trade secrets, along with a narrative description of same; plaintiffs noted the issues with the Bates-numbering by Digital Strata in a footnote, stating that "[o]nce accurate information on the Bates numbers for these documents is provided to Plaintiffs, we will provide them to Defendants." (*Id*. at n.2; *see also* DN 235, p. 3.) According to plaintiffs, on January 7, 2016, they provided to defendants a revised list (DN 235-3) of Bates-numbered documents with corrected "END BATES" numbers. (DN 235, p. 3, n.2.)

On January 19, 2016, plaintiffs produced a supplement (DN 235-4) to their list of trade secrets; again, because of the issues with the production of documents by Digital Strata, plaintiffs state that they had to expend additional time and expense attempting to swap out incorrectly Bates-numbered documents, which caused many issues. Plaintiffs state that, at the time the supplement was produced, they believed it contained "an accurate listing of each document tagged as a trade secret in the Digital Strata production." (DN 235, pp. 4-5.)

Plaintiffs assert that they discovered an additional problem with the Bates-numbers on the trade secrets identified in the supplement; plaintiffs state that this was a result of the original mistake made by Digital Strata. (*Id*. at 6.) Accordingly, a corrected list (DN 235-5) of trade secrets was provided to defendants on April 6, 2016. (*Id*.) While the corrected list (DN 235-5) in addition to the narrative description of the trade secrets contained in the January 5, 2016 disclosure (DN 235-1, pp. 3-7) should constitute the most recent and up-to-date identification of

trade secrets by plaintiffs, plaintiffs state that Exhibit G (DN 235-7) contains the "complete listing of trade secrets." (DN 235, p. 8, n.2 ["The complete listing of trade secrets as of April 7, 2016 on a document by document basis is attached hereto as **Exhibit G** for the Court's convenience."].) Exhibit G appears to contain the narrative description of categories of trade secrets identified in January 5, 2016 disclosure, as well as a list of Bates-numbered documents. It is unclear to the Court whether the list of Bates-numbered documents in Exhibit G is the same as the list of Bates-numbered documents provided to defendants on April 6, 2016; at a minimum, the list of Bates-numbered documents do not appear in the same order. (*Cf.* DN 235-5 [Exhibit E – Bates-numbered documents identified as trade secrets and provided to defendants on April 6, 2016] *with* DN 235-7 [Exhibit G – "complete listing of trade secrets as of April 7, 2016"].) Based on plaintiffs' representation in their response, the Court will consider Exhibit G (DN 235-7) to be plaintiffs' most up-to-date identification of trade secrets, even though it is not clear whether Exhibit G (DN 235-7) was actually served on defendants prior to the filing of plaintiffs' response to the Joint Motion on April 7, 2016. Because it appears that plaintiffs' list of trade secrets was not finalized until April 6 or 7, 2016, the Court will focus on the arguments to the Joint Motion contained in plaintiff's response (DN 235), filed on April 7, 2016, and defendants' reply (DN 245), filed on April 25, 2016.

## II.    DISCUSSION

The Court declines to delve into the issue of the incorrectly Bates-labeled documents by Digital Strata. For one, it is undisputed that documents were mislabeled by Digital Strata and that plaintiffs were not immediately informed of the issue; it goes without saying that any time documents, not to mention a large volume of documents, are mislabeled, problems will arise.

Furthermore, it appears that once plaintiffs were informed of this issue, they worked diligently to correct their own production or identification of documents. The Court has also addressed this issue in another memorandum opinion and order (DN 351, pp. 12-13, 26-27). Therefore, the Court will focus on whether plaintiffs have identified their alleged trade secrets in accordance with its memorandum opinion and order (DN 155).

Instead of directing their arguments toward plaintiffs' most recent identification of trade secrets in April 2016, defendants take issue with plaintiffs' outdated identification of trade secrets from January 5, 2016. (*See* DN 245, pp. 3-5 [discussing DN 175-1 and DN 175-3].) This does not help the Court to determine whether plaintiffs have identified their trade secrets in Document Number 235-7 in accordance with its memorandum opinion and order (DN 155). It does appear to be undisputed, however, that some documents previously identified by plaintiffs as trade secrets contained *both* trade secret and non-trade secret information. (*See* 235, p. 7.) Based on plaintiffs' assertion, it appears that these non-trade secret documents were removed from the list and the updated listed provided to defendants. (*Id*. at 7-8 ["Plaintiffs removed these documents from a revised list of trade secrets produced to Defendants on March 26, 2016 . . . ."].) The Court, however, has no way of discerning whether this occurred with the information before it.

Assuming that plaintiffs' most recent identification of trade secrets (DN 235-7) contains *only* the Bates-numbers of the documents that they claim actually constitute their trade secrets, the Court finds that plaintiffs' identification of trade secrets, as contained in Document Number 235-7, complies with its memorandum opinion and order (DN 155); this is because plaintiffs have included both a narrative description of the trade secrets along with specific Bates-numbers

of the documents that they claim constitute trade secrets. If, however, the documents identified in Document Number 235-7 contain both trade secret and non-trade secret information, plaintiffs need to specifically identify which pages (or parts of pages) of those documents contain their actual trade secrets. (*See* DN 155, p. 19 ["[P]laintiffs must also identify which documents produced constitute those trade secrets."].) Furthermore, if *one page* of document contains some trade secret information and some non-trade secret information, plaintiffs shall identify that document by Bates-number and also include an additional description of where on that particular document the alleged trade secret can be found.

Finally, defendants request the extreme sanction of dismissal of plaintiffs' trade secret misappropriation claim pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(b)(2) (stating that a court may issue an order striking pleadings in whole or in part for failure to obey an order to provide or permit discovery). While it is unclear whether, if granted, this would be a dispositive action and thus require a decision to be rendered by District Judge Charles S. Simpson, the Court need not make that determination. This is because the undersigned easily concludes that such a sanction is *not* warranted for several reasons, one of which is the fact that defendants have not met their burden of proof. Thus, the Joint Motion will be denied. The Court will, however, order clarification regarding plaintiffs' latest identification of trade secrets.

### III.  CONCLUSION

Accordingly,

IT IS ORDERED that the Joint Motion (DN 223) is DENIED.

IT IS FURTHER ORDERED that, by November 4, 2016, plaintiffs either (1) file a notice stating that the Bates-numbered documents in Document Number 235-7, pp. 10-52 constitute their claimed trade secrets and do not contain non-trade secret information; <u>or</u> (2) file a revised list of claimed trade secrets that indicates, by Bates-number, what documents (or page(s) of a document, or part(s) of a page within a document) constitute their claimed trade secrets.

cc:  Counsel of record