UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-717-CRS-CHL

BABCOCK POWER, INC., et al.,                                    Plaintiffs,

v.

STEPHEN T. KAPSALIS, et al.,                                    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Protective Order (DN 232) and accompanying memorandum (DN 232-1) filed by plaintiffs Babcock Power, Inc. ("Babcock") and Vogt Power International, Inc. ("Vogt") (collectively, "plaintiffs"). Defendants Stephen T. Kapsalis ("Kapsalis") and Express Group Holdings, LLC ("Express") (collectively, "defendants") filed a response (DN 234), and plaintiffs filed a reply (DN 243). Therefore, this matter is ripe for review. For the reasons contained herein, the Motion for Protective Order is denied.

I.     BACKGROUND

On February 8, 2016, plaintiffs moved for entry of a protective order precluding defendants from conducting a second Rule 30(b)(6) deposition of Vogt, among other things. (*See* DN 188.) On March 2, 2016, the Court entered an order (DN 208) denying in part and granting in part that motion for a protective order. With respect to the Rule 30(b)(6) deposition, the Court permitted the deposition to go forward, but stated that it "shall be limited to issues that have been raised since the first 30(b)(6) deposition, specifically the identification of trade secrets by plaintiffs, and shall not address areas covered by the first 30(b)(6) deposition." (DN 208, p. 2.)

On March 4, 2016, defendants served a second Rule 30(b)(6) deposition notice (DN 232-2) for a corporate representative of plaintiffs to take place on March 30, 2016 in Louisville, Kentucky. On March 23, 2016, counsel for plaintiffs e-mailed counsel for defendants a letter (DN 232-4) detailing objections to the second Rule 30(b)(6) deposition notice. According to plaintiffs, although they believed that the second Rule 30(b)(6) deposition notice exceeded the scope of the Court's March 2, 2016 order, they nonetheless agreed to produce appropriate 30(b)(6) deponents on March 30, 2016. (*See* DN 232-1, pp. 3-4.) In the memorandum supporting the Motion for Protective Order, plaintiffs state that, to ensure that defendants received "full and accurate information," a revised list of trade secrets was provided to defendants on March 29, 2016, the day before the depositions were to take place; plaintiffs state that, out of the approximately 2,500 documents initially identified as trade secrets on the list, 500 were removed and none were added. (*Id*. at 4.) Plaintiffs further state, "It should be noted, here, that there was no obligation on the part of Plaintiffs to provide this list to Defendants before the deposition." (*Id*.) In response, defendants state that, due to plaintiffs' revised disclosure of trade secrets the day before the second Rule 30(b)(6) depositions were to begin, counsel for defendants requested a two-day postponement of the depositions, but counsel for plaintiffs would not agree to same. (DN 234, pp. 1-2.) On March 29, 2016, after exchanging e-mails with counsel for plaintiffs, counsel for Kapsalis ultimately cancelled the Rule 30(b)(6) depositions set for March 30, 2016. On March 30, 2016, plaintiffs filed the Motion for Protective Order at issue.

## II.    DISCUSSION

Plaintiffs argue that the second Rule 30(b)(6) deposition notice (DN 232-2) requested much of the same or substantially similar information that was requested in the first Rule

30(b)(6) deposition notice (DN 232-3).  Plaintiffs assert that the "only legitimate area for inquiry in the second 30(b)(6) deposition notice [i]s the identification of trade secrets" and that all other topics were either already addressed, could have been addressed, or are the subject of expert testimony.  (DN 232-1, p. 3.)  Defendants argue that the second Rule 30(b)(6) deposition notice is limited to issues related to plaintiffs' trade secrets and other issues that have been raised since the first 30(b)(6) deposition.  (*Id*. at 4.)

Rule 26(c)(1) of the Federal Rules of Civil Procedure states that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ."  Fed. R. Civ. P. 26(c)(1)(D).  The Court does not have good cause to issue such an order in this instance, and thus the Motion for Protective Order will be denied.  For one, an accurate and up-to-date identification of trade secrets at issue by plaintiffs is crucial to efficient and effective discovery.  While it is true, as plaintiffs assert, that there appears to be no rule stating that they were required provide defendants an updated list in advance of the Rule 30(b)(6) depositions, a failure to supplement when supplementation was warranted would have been suggestive of gamesmanship and possibly a violation of Rule 37.  And, while the Court is not placing blame on anyone, it is undisputed that there have been several iterations of the list of trade secrets at issue.  (*See* DN 361, pp. 2-3 [memorandum opinion discussing identification of trade secrets].)  Consequently, the Court finds that it is reasonable for defendants to have an accurate and up-to-date list of alleged trade secrets reasonably in advance of the second Rule 30(b)(6) deposition.  Second, the volume of the documents containing trade secrets identified by plaintiffs makes it even more

3

crucial that counsel for defendants have an accurate and up-to-date list to allow them to properly prepare for the deposition, which is generally limited to one day of seven hours. *See* Fed. R. Civ. P. 30. Third, the Court has stated in the past that "hyper-technicalities" are discouraged. After reviewing the second 30(b)(6) deposition notice (DN 232-2), the Court finds that the topics are limited to and stem from the identification of trade secrets by plaintiffs and are therefore proper. Finally, neither party discusses with specificity plaintiffs' objections to the second Rule 30(b)(6) notice in their briefs. Plaintiffs, however, aver that they objected to some of the topics in the second Rule 30(b)(6) deposition notice because they call for expert or opinion testimony. (*See, e.g.*, DN 232-1, p. 3; DN 243, pp. 5-6.) The Court agrees that plaintiffs' Rule 30(b)(6) deponent(s) is not required to give expert testimony; rather, the deponent must have knowledge of the *factual* basis for plaintiffs' claims. *See Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006) ("[N]umerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper.") (citing cases).

In a separate memorandum opinion and order (DN 361), the Court ordered that plaintiffs further clarify their identification of trade secrets by November 4, 2016. This deadline was later extended to November 11, 2016. (*See* DN 373.) Consequently, the second Rule 30(b)(6) deposition shall take place after November 11, 2016 at a date, time, and place mutually agreeable to all parties with each bearing his/her/its own costs or as otherwise agreed.

### III.     CONCLUSION

Accordingly,

IT IS ORDERED that the Motion for Protective Order (DN 232) is DENIED.

IT IS FURTHER ORDERED that the second Rule 30(b)(6) deposition of plaintiffs' corporate representative(s) shall take place *after* November 11, 2016 at a date, time, and place mutually agreeable to all parties.

cc:  Counsel of record