UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-717-CRS-CHL

BABCOCK POWER, INC., et al.,                                              Plaintiffs,

v.

STEPHEN T. KAPSALIS, et al.,                                              Defendants.

## MEMORANDUM OPINION AND ORDER

This matter has a long and contentious history. The Court will only repeat as much as is necessary to deal with the issue at hand, specifically the award of attorney's fees to defendant Stephen T. Kapsalis ("Kapsalis") as a result of the June 30, 2017 memorandum opinion and order (DN 450).

**I.      BACKGROUND**

On February 7, 2017, Kapsalis[1] filed a "Motion for Discovery" (DN 398) and "Supplemental Memorandum in Support of his Written Objections and Motion for Protective Order and to Quash the January 23, 2017 Subpoena and Motion for Discovery" ("Supplemental Memorandum") (DN 398-1). On February 22, 2017, plaintiffs Babcock Power, Inc. and Vogt Power International, Inc. ("plaintiffs") filed a response (DN 405). On February 22, 2017, non-party Sterling Group, LP ("Sterling") filed a brief (DN 410) addressing the issues raised in the Motion for Discovery and Supplemental Memorandum. On March 1, 2017, Kapsalis filed a reply (DN 417), and plaintiffs filed a response (DN 418) to Sterling's brief. On March 8, 2017, the Court held an evidentiary hearing on the issues raised in these filings. On April 10, 2017,

---

[1] The other defendant in this matter, Express Group Holdings, LLC ("Express), has filed for bankruptcy; consequently, this action has been stayed with respect to Express. (DNs 377, 379.)

plaintiffs, Kapsalis, and counsel for plaintiffs, Kelly Gallagher ("Gallagher"), filed proposed findings of fact and conclusions of law. (*See* DNs 437-39.)

On June 30, 2017, the undersigned issued a memorandum opinion order finding that plaintiffs had issued the January 23, 2017 subpoena to the Express bankruptcy trustee in violation of a scheduling order. In the June 30 memorandum opinion and order, the undersigned denied the Motion for Discovery, but sanctioned plaintiffs *sua sponte*. In particular, the undersigned awarded Kapsalis "reasonable attorneys' fees and expenses incurred in (1) preparing the Motion for Discovery (DN 398) and Supplemental Memorandum (DN 398-1) as well as the reply in support of same; (2) preparing for and attending the March 8, 2017 evidentiary hearing; and (3) preparing the proposed findings of fact and conclusions of law." (DN 450 at 56.) The June 30 memorandum opinion and order also directed Kapsalis to file an itemization of attorneys' fees and expenses incurred in conjunction with (1) through (3), including why the fees and expenses included therein were reasonable. Thereafter, plaintiffs were directed to file any objections to the requested fees and expenses, limited to the reasonableness of the amounts claimed.[2]

    **A.**     **"Notice of Stephen Kapsalis' Compliance with the Court's Memorandum Opinion and Order Dated June 30, 2017 [DN 450]" ("Notice of Compliance") (DN 451)**

On July 6, 2017, Kapsalis filed the Notice of Compliance (DN 451) in response to the June 30 memorandum opinion and order. Included with the Notice of Compliance are several

---

[2] ON July 14, 2017, plaintiffs filed an objection (DN 455) to the June 30 memorandum opinion and order; that objection was overruled and the memorandum opinion and order affirmed by Senior District Judge Charles R. Simpson. (DN 468.) In the dong so, Judge Simpson noted that plaintiffs requested that any award of attorney's fees pursuant to the June 30 memorandum opinion and order be held in abeyance until the final resolution of the action. However, Judge Simpson left the final determination of the amount of the monetary sanction and terms of payment to the undersigned's discretion. (DN 468 at 16 n.8.)

exhibits: (1) an affidavit of counsel for Kapsalis, Dennis Murrell (DN 451-1), which includes a request for a total fee award of $74,582.42; (2) the itemization of fees and expenses specifically requested by the Court in its June 30 memorandum opinion and order (DN 451-2), totaling $60,129.42 ($55,685.00 in fees and $4,444.42 in expenses); (3) the itemization of additional fees and expenses associated with two motions to quash the January 23 subpoena issued by plaintiffs, one filed in this Court and one in the Northern District of Oklahoma (DN 451-3), totaling $14,453.00; and (4) various biographies of counsel or other people working for or with counsel for Kapsalis (DNs 451-4 through 451-10).

### B. Plaintiffs' Objections (DN 457) to the Notice of Compliance

On July 20, 2017, plaintiffs filed objections (DN 457) to the attorneys' fees award and itemization of attorneys' fees and expenses. Plaintiffs appears to object to the following specific items:[3] (1) the inclusion of attorneys' fees and expenses associated with the motions to quash; (2) the inclusion for time entries related to communications with counsel for Sterling; (3) the inclusion of fees for items that are purely clerical in nature; (4) bills for expert, One Source Discovery, in December 2016 in the amount of $675.00 before the subject subpoena was issued; and (5) bills for One Source Discovery in preparation for the evidentiary hearing.

### C. Kapalis's Response (DN 460) to the Objections

On July 28, 2017, Kapsalis filed a response (DN 460). Kapsalis asserts that he is entitled to the total amount of fees and expenses requested, minus $675.00, for a total of $73,907.42. The Court notes that, while not pointed out by Kapsalis in his response, the $73,907.42 includes

---

[3] The Court states "appears" because plaintiffs have contested these categories and then given some *examples* of each type – the Court assumes that these examples constitute the entirety of the entries disputed by plaintiffs.

the fees and expenses associated with the motions to quash, in addition to those fees and expenses specifically awarded in the June 30 memorandum opinion and order.

II. DISCUSSION

    A. **The Request for Additional Fees and Expenses Totaling $14,453.00 is Denied.**

The Court will first address the fees and expenses totaling $14,453.00 sought by Kapsalis in conjunction with the motions to quash as described in I.A. Included in Murrell's affidavit is a request, as reflected in (3), for "additional fees and expenses that were incurred by Kapsalis in conjunction with the Motion to Quash filed in this Court, as well as in Oklahoma." (*Id*. at 1.)

With respect to (3), Mr. Murrell states,

> Although not specified in the Court's Opinion by docket number, because the Court stated its intent to make Kapsalis whole for Plaintiffs' violations of this Court's Order (*see, e.g*., Opinion, DN 450, p., 43, stating that "[s]uch an award is not unjust as it directly correlates to time spent by Kapsalis's attorneys in response to the actions of plaintiffs in causing the January 23, 2017 subpoena to be issued in violation of the March 2, 2016 order"), Kapsalis believes that these fees and expenses were also incurred in conjunction with the Motion for Discovery and Evidentiary Hearing. However, in an effort to be transparent, I have segregated these costs and expenses at Exhibit 2.

(*Id*. at 1-2.) The total amount of the fees and expenses requested by Kapsalis with respect to the motions to quash total $14,453.00.

The Court will deny this request for several reasons. First, it is apparent from the June 30 memorandum opinion and order that the Court was aware of the various motions to quash filed by Kapsalis in conjunction with the issuance of the January 23, 2017 subpoena by plaintiffs. (DN 450 at 14-17 [describing, in detail, the motions to quash].) The Court purposefully chose not to include fees and expenses related to those motions to quash in issuing sanctions under

4

Rule 16 of the Federal Rules of Civil Procedure. If Kapsalis disagreed with the June 30 memorandum opinion and order in that regard, he should have filed an objection or a motion, not included a request in an affidavit.[4]

Second, the Court did not intend to "make Kapsalis whole" through the sanctions imposed upon plaintiffs. The quote cited does not imply that either. Instead, the Court determined that the sanctions, in the form of an attorneys' fees award to Kapsalis, were appropriate and not unjust. In short, the purpose of the sanctions was to punish the conduct of plaintiffs' counsel in a proportionate manner.

Finally, it is worth noting that one of the motions to quash for which Kapsalis seeks fees and expenses was denied without prejudice by this Court because it should have been filed in the district where compliance was required – the Northern District of Oklahoma. (DN 436 at 1 [denying Motion to Quash (DN 390) without prejudice].) Kapsalis does not mention this in the Notice of Compliance or Response. Kapsalis then filed another motion to quash (for which he also seeks fees) in the Northern District of Oklahoma; because plaintiffs ultimately withdrew the January 23 subpoena, that motion was denied as moot.

Consequently, the Court will not award Kapsalis the $14,453.00 in fees and expenses or anything else above and beyond what was expressly provided for in the June 30 memorandum opinion and order.

B. **Plaintiffs' Other Objections**

The Court has already addressed plaintiffs' objection to the request for fees and expenses related to the motions to quash. The Court will address the remaining objections next.

---

[4] Notably, this request is not even mentioned in the Notice of Compliance itself.

## 1. Inclusion of time entries related to communications with Sterling

Plaintiffs contest time entries that include communications with counsel for Sterling. Plaintiffs argue, in essence, that Sterling is a non-party and the subpoena was not issued to it; therefore, Kapsalis should not be able to recover fees based on communications with Sterling. Kapsalis essentially argues that plaintiffs have misrepresented Sterling's role in this situation, and that plaintiffs benefitted from the collaboration between counsel for Kapsalis and counsel for Sterling.

The Court will permit the inclusion of fees related to communications with counsel for Sterling under the circumstances of this case. Sterling was actively involved in the evidentiary hearing and the events leading up to it; as a result, it was understandable and reasonable for counsel for Kapsalis to communicate with counsel for Sterling in preparation for same. Additionally, it was reasonable for counsel for Kapsalis to communicate with counsel for Sterling to strategize about how to deal with the January 23 subpoena.

Accordingly, the Court declines to subtract the fees associated with these entries from the sanctions.

## 2. Inclusion of fees for items clerical in nature

Plaintiffs contest two fees related to clerical work performed by paralegals for counsel for Kapsalis.[5] First, plaintiffs contest a February 8, 2017 entry by paralegal "LAS" for 1.80 hours at the rate of $180/hour for a total of $324.00. (DN 451-2 at 3.) The entry reads, "ATTENDED TELEPHONIC CONFERENCE WITH COURT ALONG WITH D. MURRELL AND E. GRAY; REVIEWED NOTES FROM CLARK MARTIN REGARDING SAME; REVIEWED

---

[5] The Court will not discuss the contest fees associated with the February 3, 2017 entry for ".10" by "LAS" to "set up meeting on calendar." (DN 451-3 at 4.) This fee was requested by Kapsalis in conjunction with the motions to quash, and the Court has denied that request.

WORKING GROUP EMAILS AND RESPONDED AS NEEDED; UPDATED CALENDAR." (*Id.*)

Second, plaintiffs contest a February 14, 2017 entry by "AMT" for .30 hours at the rate of $180/hour for a total of $54.00. (DN 451-2 at 4.) That entry reads, "CONTACT COURT TO OBTAIN TRANSCRIPT." (*Id.*)

Kapsalis argues that the time reflected by these entries was necessarily incurred. Neither Kapsalis nor plaintiffs cite any case law in support of their respective positions.

Generally speaking, case law indicates that strictly clerical tasks should not be included in an award of attorneys' fees. *See, e.g.*, *Salamango v. NCSPlus Inc.*, No. 2:14-CV-10189, 2014 WL 3900583, at *6–7 (E.D. Mich. Aug. 11, 2014) (citing *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 666 (6th Cir.2008)) ("It is well-settled that purely clerical tasks, even performed by a paralegal, cannot be included in an award of attorney's fees."); *see also Richards v. Johnson & Johnson*, No. 2:08-CV-279, 2010 WL 3219138, at *7 (E.D. Tenn. May 12, 2010), *report and recommendation adopted*, No. 2:08-CV-279, 2010 WL 3219133 (E.D. Tenn. Aug. 12, 2010) ("Work traditionally performed by attorneys may be properly awarded in a motion for attorney's fees, because allowing subordinates to perform those tasks ultimately reduces the overall cost of litigation. '[S]trictly clerical tasks,' however, are part of the overhead cost necessary to operate any law firm, and should not be compensated by a fee award.'") (citation omitted). Thus, the Court will not allow them in this instance.

The Court finds that the February 8, 2017 entry should be reduced by .10, which equals $18.00, to account for the paralegal's work in updating the calendar. The Court declines to reduce the time reflected in the February 14, 2017 entry as it is not purely clerical in nature.

Accordingly, the Court will reduce the sanctions by **$18.00**.

### 3. Bills for One Source Discovery from December 2016

Kapsalis agrees to withdraw the $675.00 in bills from One Source Discovery incurred in December 2016, prior to the issuance of the January 23 subpoena.

Accordingly, the Court will reduce the sanctions by **$675.00.**

### 4. Other bills from One Source Discovery

Plaintiffs contest not only the December 2016 bills form One Source Discovery, but the all the other bills from One Source Discovery included by Kapsalis. Kapsalis does not directly address this argument in his response to the objections. However, Murrell's affidavit indicates that counsel for Kapsalis disclosed its expert witness, Andy Cobb Ph.D. – an employee of One Source Discovery – as a witness for the evidentiary hearing, and that counsel was prepared to take testimony from Cobb at same. (DN 45-1- at 2.)

Accordingly, the Court declines to subtract the expenses associated with One Source Discovery, other than the $675.00 already discussed.

### C. Fees and Expenses Awarded Pursuant to the June 30 Memorandum Opinion and Order

The Court has conducted an independent review of the $60,129.42 (DN 451-2 at 13) sought by Kapsalis in conjunction with the June 30 memorandum opinion and order. For the reasons discussed next, the Court finds that the sanctions should be reduced further.

### 1. Fees for purely clerical tasks

The Court found one other purely clerical task, a March 16, 2017 entry by paralegal "LAS," in the requested fees. The March 16, 2017 entry, which is 1.90 hours at $180/hour includes, among other things, the following notation: "UPDATED CALENDAR WITH

DEADLINES FOR POST HEARING BRIEFS." (DN 451-2 at 9.) Therefore, the Court will deduct .10 from this entry for this purely clerical task.

Accordingly, the Court will reduce the sanctions by **$18.00**.

### 2. Fees for unrelated work

Upon review, it appears that the following entries, or parts of entries, do not relate to the fees incurred in (1) preparing the Motion for Discovery (DN 398) and Supplemental Memorandum (DN 398-1), as well as the reply in support of same; (2) preparing for and attending the March 8, 2017 evidentiary hearing; and (3) preparing the proposed findings of fact and conclusions of law. The Court has highlighted the portions at issue. Specifically, these portions appear to be related to action taken with respect to the action in the Northern District of Oklahoma, the Motion for Leave to File Supplemental Evidence of Contempt (DN 426) filed by plaintiffs, and the Notice of Potential Filing (DN 430) filed by plaintiffs – items not contemplated by the June 30 memorandum opinion and order. The Court will also reduce by one-third the amount expended by counsel for Kapsalis in preparing the Notice of Compliance and supporting documents; the Court does so to exclude time spent requesting fees and expenses for items not specifically awarded in the June 30 memorandum opinion and order. The Court will therefore reduce the sanctions award as follows:

| 2/9/2017 | ESG | MULTIPLE E-MAIL CORRESPONDENCE WITH C. MARTIN REGARDING CONVERSATION WITH TRUSTEE; **MULTIPLE E-MAIL CORRESPONDENCE WITH OKLAHOMA LOCAL COUNSEL REGARDING COMPLIANCE WITH COURT ORDER OF SERVICE;** | 1.30 hours at $310/hour = $403.00 | The Court will reduce this fee by half. Accordingly, the Court will reduce the sanctions award |

9

| | | | | |
|---|---|---|---|---|
| | | **REVIEW FILING REGARDING SERVICE COMPLIANCE**; E-MAIL CORRESPONDENCE WITH D. MURRELL REGARDING STATUS AND STRATEGY OF MOTION FOR DISCOVERY | | by **$201.50.** |
| 3/15/2017 | ESG | MULTIPLE E-MAIL CORRESPONDENCE WITH STERLING COUNSEL REGARDING FINDINGS OF FACT; E-MAIL CORRESPONDENCE WITH COURT REPORTER REGARDING TRANSCRIPT; PREPARE E-MAIL CORRESPONDENCE TO PLAINTIFFS' COUNSEL REGARDING HASH VALUES; **REVIEW PLAINTIFFS' MOTION TO DESIGNATE ADDITIONAL EVIDENCE FOR CONTEMPT MOTION** | 1.00 hours at $310/hour =$310.00 | The Court will reduce this entry by .10.<br><br>Accordingly, the Court will reduce the sanctions award by **$31.00**. |
| 3/23/2017 | ESG | **REVIEW NOTICE OF POTENTIAL FILING FROM PLAINTIFFS** | .10 hours at $310/hour = $31.00 | The Court will exclude this entry entirely.<br><br>Accordingly, the Court will reduce the sanctions award by **$31.00**. |
| 3/27/2017 | ESG | **DRAFT RESPONSE TO MOTION TO SUPPLEMENT CONTEMPT RECORD; REVIEW AND REVISE SAME; E-MAIL CORRESPONDENCE WITH D. MURRELL REGARDING SAME** | 1.80 hours at $310/hour = $558.00 | The Court will exclude this entry entirely.<br><br>Accordingly, the Court will reduce the sanctions award by **$558.00**. |
| 3/28/2017 | ESG | **REVIEW AND REVISE RESPONSE TO MOTION TO SUPPLEMENT CONTEMPT EVIDENCE; E-MAIL CORRESPONDENCE WITH STERLING COUNSEL REGARDING SAME**; REVIEW AND ANALYZE TRANSCRIPT OF HEARING FOR FINDINGS OF FACT; E-MAIL | 3.00 hours at $310/hour = $930.00 | The Court will reduce this fee by half.<br><br>Accordingly, the Court will reduce the |

10

| | | | | |
|---|---|---|---|---|
| | | CORRESPONDENCE WITH S. SOUTHWICK REGARDING SAME | | sanctions award by **$465.00**. |
| 3/29/2017 | ESG | **REVIEW AND REVISE RESPONSE TO MOTION TO SUPPLEMENT EVIDENCE; FINALIZE AND FILE SAME; E-MAIL CORRESPONDENCE WITH S. SOUTHWICK REGARDING SAME** | .70 hours at $310/hour = $217.00 | The Court will exclude this entry entirely.<br><br>Accordingly, the Court will reduce the sanctions award by **$217.00**. |
| 7/3/2017 | ESG | MULTIPLE CONFERENCES AND E-MAIL CORRESPONDENCE REGARDING FEE AFFIDAVIT AND COMPLIANCE WITH OPINION FOR ATTORNEYS' FEES; DRAFT NOTICE OF COMPLIANCE WITH COURT OPINION ON ATORNEY [SIC] FEES; REVIEW AND REVISE SAME; DRAFT AFFIDAVIT OF D. MURRELL REGARDING FEES; REVIEW AND ANALYZE BILLING ENTRIES TO COMPLY WITH COURT ORDER | 7.00 hours at $310/hour = $2,170.00 | The Court will reduce this fee by one-third.<br><br>Accordingly, the Court will reduce the sanctions award by **$723.33**. |
| 7/5/2017 | ESG | CONTINUE TO REVIEW AND REVISE D. MURRELL AFFIDAVIT AND REVIEW TIME ENTRIES FOR INCLUSION; MULTIPLE E-MAIL CORRESPONDENCE REGARDING SAME | .80 hours at $310/hour = $248.00 | The Court will reduce this fee by one-third.<br><br>Accordingly, the Court will reduce the sanctions award by **$82.67**. |

## III. CONCLUSION

In sum, the Court will order Kapsalis to pay $60,129.42 minus the amounts the Court has deducted in accordance with this memorandum opinion, *i.e.*, $60,129.42 minus $18.00 minus $675.00 minus $18.00 minus $201.50 minus $31.00 minus $31.00 minus $558.00 minus $465.00 minus $217.00 minus $723.33 minus $82.67 = **$57,108.92**.

The Court will not stay payment of the award to Kapsalis, as there is no need for further delay on this issue.

Accordingly,

IT IS ORDERED that, within **fourteen (14) days** of entry of this memorandum opinion and order, plaintiffs shall pay to Kapsalis the amount of **$57,108.92**.

cc: Counsel of record