UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BABCOCK POWER, INC. and
VOGT POWER INTERNATIONAL, INC.                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 3:13-CV-717-CRS

STEPHEN T. KAPSALIS                                DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

2

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Babcock Power, Inc. and Vogt Power International, Inc. assert that their former employee, Stephen T. Kapsalis, (1) misappropriated their trade secrets, and (2) breached the confidentiality provision of the Employee Non-Disclosure, Non-Solicitation, Non-Competition and Assignment Agreement ("the Agreement") signed by Kapsalis. In these instructions, I will refer to the parties as "Babcock," collectively, and "Kapsalis," rather than continually repeating their names in full.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

A corporation acts through its employees.

You should not consider the financial resources of either party in making your decision.

## A.

## TRADE SECRET MISAPPROPRIATION

Babcock claims that Kapsalis misappropriated its trade secrets in violation of the Kentucky Uniform Trade Secrets Act ("KUTSA"). In order for Babcock to succeed on this claim, Babcock must prove that each of the following elements is more likely true than not true:

(1) That Babcock possessed one or more trade secrets as defined by KUTSA; and

(2) That Kapsalis misappropriated one or more of Babcock's trade secrets.

## "TRADE SECRET" DEFINED

In considering whether Babcock possessed one or more trade secrets as defined by KUTSA, you will consider the following:

KUTSA defines a trade secret as information, including a formula, pattern, compilation, program, data, device, method, technique, or process, that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Babcock alleges it possessed five categories of trade secrets:

(1) CAD Standards

(2) Calculation Sheets

(3) Customer/Contacts Lists

(4) Schematic and Mechanical Drawings

(5) Strategic Plans

You must address each category in determining whether Babcock has proven that it possessed one or more trade secrets.

"Independent economic value" means the alleged trade secrets must give Babcock an actual or potential competitive advantage over others. This advantage to Babcock must arise from the fact that the alleged trade secrets are not generally known or readily ascertainable by others. Information is "generally known or readily ascertainable by proper means" when it is capable of being legitimately acquired by others without undue difficulty or hardship. Examples

5

of readily ascertainable information include trade journals, reference books, and other similar materials.

Efforts to maintain secrecy which are "reasonable under the circumstances" will vary, and it is up to you to decide what was reasonable here. Reasonable efforts to maintain secrecy include advising employees of the existence of a trade secret on a "need to know" basis, requiring employees or others involved with the business to sign confidentiality or nondisclosure agreements, and controlling access to the trade secret. However, the presence or absence of any particular step to ensure secrecy is not determinative.

The necessary efforts to maintain secrecy are those which are reasonable under the circumstances. It is not required that extreme or unduly expensive procedures be taken to protect trade secrets. Reasonable use of one's trade secrets, including controlled disclosure to employees and licensees, is consistent with the requirement of reasonable secrecy.

If you find from the evidence that Babcock did not possess any trade secrets which have been identified by category in this instruction, you must return a verdict for Kapsalis. You will indicate that verdict on Verdict Form A, have your foreperson sign and date the verdict form, and proceed to Instruction B – Breach of Contract.

If you find from the evidence that Babcock possessed one or more trade secrets which have been identified by category in this instruction, you will next determine whether Kapsalis misappropriated that trade secret or secrets by considering the following explanation of "misappropriation" under KUTSA.

6

## "MISAPPROPRIATION" DEFINED

In considering whether Kapsalis misappropriated one or more trade secrets as defined by

KUTSA, you will consider the following:

"Misappropriation" means either:

(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) Disclosure or use of a trade secret of another without express or implied consent by a person who did one or more of the following:

    (a) Used improper means to acquire knowledge of the trade secret;

    (b) At the time of the disclosure or use, knew or had reason to know that his/her knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to the person to maintain its secrecy or limit its use; or

    (c) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a

breach of a duty to maintain secrecy, or espionage through electronic or other means.

If you find from the evidence that Kapsalis misappropriated one or more trade secrets

identified by category in this instruction, you will indicate on Verdict Form A which trade secret

or secrets were misappropriated.

If you find from the evidence that Kapsalis did not misappropriate any trade secrets which have been identified by category in this instruction, you must return a verdict for Kapsalis. You will indicate that verdict on Verdict Form A.

Have your foreperson sign and date Verdict Form A and proceed to Instruction B – Breach of Contract.

## **BREACH OF CONTRACT**

Babcock claims that Kapsalis breached an agreement entered into between Babcock and Kapsalis titled "Employee Non-Disclosure, Non-Solicitation, Non-Competition and Assignment Agreement" dated July 10, 2009 ("the Agreement"). In order for Babcock to succeed on this claim, Babcock must prove that each of the following elements is more likely true than not true:

(1) A contract existed between Babcock and Kapsalis; and

(2) Kapsalis breached the confidentiality provision of the Agreement; and

(3) Babcock suffered damage or loss.

As to whether "a contract existed," there is no dispute in this case regarding the existence of the Agreement, or that the Agreement is a valid contract. Therefore, you may accept this fact as established.

A "breach of the contract" occurs when the party accused of breach of contract did something that was prohibited by the specific provisions of the contract or failed to do something that the contract specifically required.

You must determine from the evidence whether Babcock has proven that it is more likely true than not true that Kapsalis breached the confidentiality provision of the Agreement with respect to any one or more of the five categories claimed:

(1) CAD Standards

(2) Calculation Sheets

(3) Customer/Contacts Lists

(4) Schematic and Mechanical Drawings

(5) Strategic Plans

9

If you find from the evidence that Kapsalis breached the contract, you will indicate your verdict on Verdict Form B.

If you have <u>not</u> found breach of contract, you must find for Kapsalis on Verdict Form B. Have your foreperson sign and date Verdict Form B and proceed to Instruction C – Damages.

However, if you have found for Kapsalis on the claim for misappropriation of trade secrets on Verdict Form A <u>and</u> on the claim for breach of contract on Verdict for B, you will end your deliberations at this point in the instructions and return to the courtroom.

# C.

## DAMAGES

### Damages Generally

Babcock is entitled to recover damages which you find from the evidence are reasonably certain in existence and amount. You may not award damages that are remote and speculative, nor may you award damages based on sympathy or guesswork. In determining the amount of damages, if any, that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that Babcock prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. The damages you award must be fair compensation—no more and no less. There is no exact standard for fixing the compensation to be awarded for the damage caused. Any award you make should be fair in light of the evidence presented at trial.

You will indicate your award of damages, if any, on Verdict Form C and/or D, as further instructed below.

The following instructions on damages are divided into two parts – damages for misappropriation of trade secrets under KUTSA, and damages for breach of contract.

## (1) **Misappropriation of Trade Secrets – Damages**

If you found misappropriation of any category of trade secret or secrets on Verdict Form A, you must now determine what sum or sums of money will fairly and reasonably compensate Babcock for any damages which you find from the evidence resulted from the misappropriation of those trade secret or secrets you have found occurred in this case.

For misappropriation of trade secrets, Babcock may recover damages for misappropriation utilizing the "reasonable royalty" measure of damages.

A "reasonable royalty" is the price, if any, that would be agreed upon by a willing buyer and a willing seller for the use made of the trade secret. The amount of a reasonable royalty turns on the facts of each case, as best they may be determined. In making this award, you should consider the resulting and foreseeable changes in the parties' competitive posture, the prices past purchasers or licensees may have paid, the total value of the secret to the plaintiff, including the plaintiff's development costs and the importance of the secret to the plaintiff's business, the nature and extent of the use the defendant intended for the secret, and finally whatever other unique factors in the particular case which might have affected the parties' agreement, such as the ready availability of alternative processes.

You will indicate on Verdict Form C your award of damages, if any, for the category or categories of misappropriated trade secrets you have found on Verdict Form A. Have your foreperson sign and date Verdict Form C.

If you found breach of contract on Verdict Form B for any category of confidential information, you will proceed to the Section (2) instruction below addressing damages for that claim.

12

If you <u>did not</u> find a breach of contract on Verdict Form B, you will skip Section (2) and proceed to the Special Interrogatory addressing willful and malicious conduct.

## (2) **Breach of Contract – Damages**

If you found breach of contract with respect to any category on confidential information on Verdict Form B, you must now determine what sum or sums of money will fairly and reasonably compensate Babcock for any damages which you find from the evidence resulted from the breach of contract by Kapsalis.

Damages for breach of contract include the natural and proximate consequences of the breach and damages reasonably supposed to have been within the contemplation of the parties at the time the contract was made.

For breach of contract, Babcock may recover damages utilizing the "reasonable royalty" measure of damages.

In determining damages, if any, you may consider a "reasonable royalty." A "reasonable royalty" is the price, if any, that would be agreed upon by a willing buyer and a willing seller for the use made of the information. The amount of a reasonable royalty turns on the facts of each case, as best they may be determined. In making this award, you should consider the resulting and foreseeable changes in the parties' competitive posture, the prices past purchasers or licensees may have paid, the total value of the information to the plaintiff, including the plaintiff's development costs and the importance of the information to the plaintiff's business, the nature and extent of the use the defendant intended for the information, and finally whatever other unique factors in the particular case which might have affected the parties' agreement, such as the ready availability of alternative processes.

You will indicate on Verdict Form D your award of damages, if any, for the category or categories of confidential information for which you have found breach of contract.

14

If you found breach of contract on Verdict Form B, you must award at least nominal damages. "Nominal damages" are a trivial sum of money awarded to a party who has established a cause of action but has not established that the party is entitled to compensatory damages.

You will indicate your award of damages on Verdict Form D. Have your foreperson sign and date the form, then proceed to the Special Interrogatory on willful and malicious conduct.

## Special Interrogatory - Willful and Malicious Conduct
## (Trade Secret Misappropriation Only)

You will only consider this instruction if you found misappropriation of one or more categories of trade secrets on Verdict Form A.

You must determine from the evidence whether Babcock has proven by clear and convincing evidence that Kapsalis misappropriated Babcock's trade secrets in a willful and malicious way. "Willful and malicious" means behavior motivated by spite or ill will and a disregard for the rights of another with knowledge of probable injury. Put another way, "willful and malicious" conduct is calculated, deliberate, and reprehensible.

You will indicate your answer to this question on Verdict Form E. Have your foreperson sign and date the form. You will then end your deliberations and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, iPad, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms for verdicts have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the forms which set forth the verdicts upon which you

unanimously agree with respect to each issue in this case; you will then cease your deliberations and inform the court security officer that you have reached verdicts in the case.

## VERDICT FORM A
## Misappropriation of Trade Secrets

| | District |
|---|---|
| **United States District Court** | **Western District of Kentucky** |

| Case Title<br>**BABCOCK POWER, INC. and**<br>**VOGT POWER INTERNATIONAL, INC.**<br><br>**v.**<br><br>**STEPHEN T. KAPSALIS** | Docket No.<br><br><br>**CIVIL ACTION NO. 3:13CV-717-CRS** |
|---|---|

Do you believe from the evidence that it is more likely true than not true that the defendant, Stephen T. Kapsalis, misappropriated trade secrets of Babcock Power, Inc. and Vogt Power International, Inc.?

_____ Yes, with respect to the following category or categories of trade secret information:

_____CAD Standards
_____Calculation Sheets
_____Customer/Contacts Lists
_____Schematic and Mechanical Drawings
_____Strategic Plans

_____ No, we do not find that Stephen T. Kapsalis misappropriated Babcock/Vogt trade secrets.

| Foreperson's Signature | Date |
|---|---|

# VERDICT FORM B
## Breach of Contract

| | |
|---|---|
| | **District** |
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **Western District of Kentucky** |
| **Case Title**<br>**BABCOCK POWER, INC. and**<br>**VOGT POWER INTERNATIONAL, INC.**<br><br>v.<br><br>**STEPHEN T. KAPSALIS** | **Docket No.**<br><br><br>**CIVIL ACTION NO. 3:13CV-717-CRS** |

Do you believe from the evidence that it is more likely true than not true that the defendant, Stephen T. Kapsalis, breached the Employee Non-Disclosure, Non-Solicitation, Non-Competition and Assignment Agreement ("the Agreement") with Babcock Power, Inc. and Vogt Power International, Inc.?

_____ Yes, with respect to the following category or categories of confidential information:

_____CAD Standards
_____Calculation Sheets
_____Customer/Contacts Lists
_____Schematic and Mechanical Drawings
_____Strategic Plans

_____ No, we do not find that Stephen T. Kapsalis breached the Agreement..

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

## VERDICT FORM C
## Damages - Misappropriation of Trade Secrets

| | |
|---|---|
| | **District** |
| 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt | **Western District of Kentucky** |
| **Case Title**<br>**BABCOCK POWER, INC. and**<br>**VOGT POWER INTERNATIONAL, INC.**<br><br>**v.**<br><br>**STEPHEN T. KAPSALIS** | **Docket No.**<br><br><br>**CIVIL ACTION NO. 3:13CV-717-CRS** |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:

Damages for Misappropriation of Trade Secrets for:

CAD Standards
_____
(not to exceed $134,000.00)

Calculation Sheets
_____
(not to exceed $43,411.00)

Customer Lists
_____
(not to exceed $6,214,483.00)

Schematic and Mechanical Drawings
_____
(not to exceed $2,135,525.00)

Strategic Plans
_____
(not to exceed $452,074.00)

TOTAL:
_____
(not to exceed $8,979,493.00)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

# VERDICT FORM D
## Damages - Breach of Contract

| | District |
|---|---|
| **United States District Court** | **Western District of Kentucky** |

| Case Title | Docket No. |
|---|---|
| **BABCOCK POWER, INC. and VOGT POWER INTERNATIONAL, INC.** v. **STEPHEN T. KAPSALIS** | **CIVIL ACTION NO. 3:13CV-717-CRS** |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:**

Damages for Breach of Contract for:

CAD Standards

_____
(not to exceed $134,000.00)

Calculation Sheets

_____
(not to exceed $43,411.00)

Customer/Contacts Lists

_____
(not to exceed $6,214,483.00)

Schematic and Mechanical Drawings

_____
(not to exceed $2,135,525.00)

Strategic Plans

_____
(not to exceed $452,074.00)

TOTAL:

_____
(not to exceed $8,979,493.00)

OR, in the alternative,

Nominal Damages for Breach of Contract:

_____

| Foreperson's Signature | Date |
|---|---|
| | |

## VERDICT FORM E

### Special Interrogatory to the Jury

| | District |
|---|---|
| **United States District Court** | **Western District of Kentucky** |

| Case Title | Docket No. |
|---|---|
| **BABCOCK POWER, INC. and VOGT POWER INTERNATIONAL, INC.** <br> **v.** <br><br> **STEPHEN T. KAPSALIS** | **CIVIL ACTION NO. 3:13CV-717-CRS** |

Do you believe that Babcock has shown clear and convincing evidence that the misappropriation of trade secrets by defendant, Stephen T. Kapsalis, was willful and malicious?

_____ Yes

_____ No

| Foreperson's Signature | Date |
|---|---|