UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BABCOCK POWER, INC., et al.                                                           PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:13CV-717-CRS

STEPHEN T. KAPSALIS, et al.                                                          DEFENDANTS

# MEMORANDUM OPINION

This matter is before the court on motion of the plaintiffs, Babcock Power, Inc. and Vogt Power International, Inc. (collectively "Babcock"), to alter and amend the Permanent Injunction entered by the court on December 17, 2018 (DN 611, filed in redacted form). Babcock has also filed motions for leave to seal its motion to alter and amend (DN 612) and to seal its reply (DN 624).

First, we take up Babcock's filing of redacted briefs and its motions for leave to file unredacted versions under seal. The motions to seal contain no particularity or justification whatsoever for filing redacted briefs in the public record. On that basis alone, the motions for leave to seal can and will be denied.

Further, Babcock has quoted and then redacted passages from two documents. The court has found that both of these purported "CONFIDENTIAL" or "FOR ATTORNEY'S EYES ONLY" documents were previously ordered unsealed by the magistrate judge. *See* DNs 254-2; 386; 326-23; 387, so there is simply no argument to be made for sealing Babcock's briefs on the basis that they contain quotes from these documents. Babcock's motions for leave to seal will be denied.

Next we address the plaintiff's motion to alter and amend the Permanent Injunction (DN 611).

The court ordered that the defendant, Stephen T. Kapsalis, "is **PERMANENTLY RESTRAINED** from using or disclosing Babcock Power, Inc. and Vogt Power, Inc.'s trade secret information consisting of its strategic plans and schematic and mechanical drawings." DN 608, PageID #41049. Babcock has noted, and the court agrees, that Kapsalis should also be required to return all copies of trade secret information consisting of schematic and mechanical drawings and strategic plans that are in Kapsalis' possession, custody, and control.[1] The injunction will be modified to reflect this addition.

The court also stated in the injunction that it "does not apply to categories of information which were not found by the jury to constitute misappropriated trade secrets, as the confidentiality clause of the employment agreement in issue expired by its own terms on April 11, 2018, the five-year anniversary of Kapsalis' termination of his employment with the plaintiffs." *Id.*

Babcock seeks to amend the injunction to (1) permanently restrain Kapsalis from "using disclosing, misusing, or further converting the Plaintiffs' confidential, proprietary or trade secret information, including but not limited to, strategic plans, schematics and mechanical drawings, customer/contact lists, calculation sheets, and CAD standards;" (2) require Kapsalis to return all copies of Babcock's confidential, proprietary and trade secret information relating to "schematics,

---

[1] There has been no mention of the balance of hardships. As noted in *E.I. Dupont de Nemours and Co. v. Kolon Industries, Inc.*, 894 F.Supp.2d 691, 706 (E.D.Va. 2012), the VUTSA (the Virginia Uniform Trade Secrets Act, identical in language to the KUTSA) provides that "actual…misappropriation *may* be enjoined," preserving the equitable principle that issuance of an injunction is discretionary with the court. However, Kapsalis has not argued against entry of the permanent injunction with respect to the two categories of trade secrets found by the jury to have been misappropriated by him. We therefore conclude that the balance of equities in this regard is a non-issue and the public interest will suffer no adverse effects by entry of injunctive relief with respect to the two categories of trade secrets.

diagrams, and strategic planning documents, contact lists, calculation sheets, and CAD Standards"[2] that are in Kapsalis' possession, custody, and control; and (3) identify under penalty of perjury "all individuals and organizations" to whom Kapsalis "disclosed, forwarded, communicated in any manner, directly or indirectly, Babcock's confidential, proprietary, or trade secret materials and information…" DN 611-1.

In its opening brief, Babcock focused on what it referred to as "the employment contract" between the parties entitled "Employee Obligations to Babcock Power and Former Employers," a document which does not have an intrinsic expiration date. While this document was admitted in the case, it is not the document which was the subject of the claimed breach. Indeed, the offer letter from Babcock to Kapsalis refers to them as separate documents to be executed by Kapsalis. DN 254-2, p. 3, PageID #28480.

The jury was instructed to state whether it

> Believe[s] from the evidence that it is more likely true than not true that the defendant, Stephen T. Kapsalis, breached the Employee Non-Disclosure, Non-Solicitation, Non-Competition and Assignment Agreement (the "Agreement") with Babcock Power, Inc. and Vogt Power International, Inc.

DN 604, Page 2, PageID #41038. The instructions explained that to find a breach of contract, it must have been proven that Kapsalis breached the confidentiality portion of the Agreement. The confidentiality clause of the Agreement states:

> 1. <u>Confidentiality</u>. During the term of my employment with the Company and for a period of five (5) years thereafter, I will not divulge to anyone or use for my own benefit or for the benefit of any third party any confidential information of the Company, its customers or suppliers, or any information received in confidence from third parties by the Company (including

---

[2] The plaintiffs' terminology in the tendered injunction is imprecise and problematic in a number of respects. First, they seek to restrain and seek the return of materials "as it relates to" or "relating to" schematics, diagrams, etc. Second, the listing of items subject to return does not mirror the categories which were addressed by the jury. The court will order injunctive relief with reference to the same categories found by the jury and will not extend the order to "related" items.

> without limitation, all technical designs and specifications, trade secrets, manufacturing techniques, financial data and marketing strategies)(collectively, the "Confidential Information") learned by me as a result of any task assigned me or work performed by me for or on behalf of the Company unless (a) any such Confidential Information becomes generally available to the public other than as a result of disclosure by me or (b) I am requested or required (by oral question, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose any such Confidential Information, in which case I will (i) promptly notify the Company of such request or requirement, so that the Company may seek an appropriate protective order, and (ii) cooperate with the Company, at its expense, in seeking such an order. Immediately upon termination of my employment, I shall deliver to the Company all Confidential Information (and all copies thereof).

DN 326-23, p. 2, PageID #32874.

The jury was instructed to address this paragraph when considering the claim for breach of contract. There are clearly two obligations in issue in the paragraph. There is a restrictive obligation to refrain from using or divulging confidential information while employed and for five years thereafter. There is also an affirmative obligation to deliver all confidential information to Babcock immediately upon termination of employment. Thus the jury necessarily found from the evidence that Kapsalis breached this term by either using or divulging confidential information or by failing to deliver all confidential information, or both.

The breach of contract claim is grounded in Kentucky common law. The jury awarded Babcock damages for the breach, defined in the instructions to "include the natural and proximate consequences of the breach and damages reasonably supposed to have been within the contemplation of the parties at the time the contract was made." DN 603, p. 14, PageID #41027. Kapsalis was prohibited by the contract from using or divulging confidential information for a period of five years. That period has now expired. Babcock has not shown entitlement to a permanent injunction against Kapsalis' disclosure or use of confidential information beyond the misappropriated trade secrets governed by statute. Babcock cannot improve its situation beyond

that which would have existed had there been no breach. Having been compensated for the breach, Kapsalis cannot impose further confidentiality obligations on Kapsalis concerning information which was not found by the jury to constitute trade secrets.

We do agree with Babcock, however, that Kapsalis should be ordered to return confidential information within his possession, custody, and control. We are persuaded by the logic espoused in *Uniroyal Goodrich Tire Co. v. Hudson*, 873 F.Supp. 1037, 1043-44 (E.D.Mich. 1994), even though factually not precisely on point. In that case, there was a non-disclosure/non-use provision which contained no time limitation and a non-compete provision which was limited to two years. The court rejected defendant's argument that the two-year limitation in the non-compete clause modified the non-disclosure/non-use provision. Importantly, and in contrast to the case before us, the clauses in question in the *Uniroyal* case were in separate numbered paragraphs in the agreement. The court stated in *Uniroyal* that

> Each paragraph of the 1991 Agreement imposes a separate and distinct obligation on the signatory, and, accordingly, must be read separately. The obligation in ¶ 6 to not work for a competitor for a period of two years from leaving UGTC does not, in any way, lessen or ease a signatory's obligation under any other paragraph. Thus, the two year term in ¶ 6 does not modify a signatory's duty under ¶ 1, to never reveal Information without UGTC's consent, to mean that the signatory can reveal Information after two years.

*Uniroyal*, 873 F.Supp. at 1044.

The proper outcome is slightly less clear in the case at bar, where the sentence requiring the delivery of confidential information is contained in and concludes a single paragraph which also requires that confidential information not be disclosed for a period of five years after termination of employment. We find, though, that the concluding sentence requires the signatory to deliver confidential information to Babcock immediately upon termination of employment which establishes a separate and distinct obligation from the preceding sentence concerning

maintenance of confidentiality. Thus we conclude that the expiration of the five-year period of confidentiality does not limit the requirement that the company's confidential information be surrendered. An order requiring Kapsalis to return all items in his possession in the five categories found by the jury to constitute confidential information is necessary to satisfy the expectations of the contracting parties that Kapsalis would return such information immediately upon his termination.

We will therefore modify the injunction to require that Kapsalis deliver to Babcock all confidential information consisting of CAD Standards, Calculation Sheets, Customer/Contacts Lists, Schematic and Mechanical Drawings, and Strategic Plans in his possession, custody, and control.

The final amendment sought by Babcock is an order requiring Kapsalis to "identify under penalty of perjury all individuals and organizations that he disclosed, forwarded, communicated in any manner, directly or indirectly, Plaintiffs' confidential, proprietary, or trade secret materials and information to." DN 611-1, p. 2, PageID #41063. In support of this request, Babcock cites only the *DuPont* case (cited *infra.*), quoting the final sentence therein: "Further, it is appropriate to grant DuPont the traditional relief of an injunction that requires the return of all purloined secrets under conditions that allow verification thereof." 894 F.Supp.2d at 721.

There is nothing in the *DuPont* case to provide insight into appropriate "conditions that allow verification thereof." What is clear, however, is that what is to be verified here is the return to Babcock of all five categories of materials, and copies thereof, that are in Kapsalis' possession, custody, and control. A statement under penalty of perjury that he has complied with the order would, of course be appropriate. However, the additional information sought by Babcock would not, in any way, verify Kapsalis' compliance with the order that he surrender the items. Discovery

has closed in this case. Kapsalis was deposed and was examined at length during the two-week jury trial. Verdicts were returned and damages were awarded to Babcock on its claims. The court will not reopen discovery post-trial to afford Babcock the opportunity to probe ancillary concerns beyond his compliance with the injunctive relief ordered herein. This proposed amendment to the injunction will be denied.

For the reasons set forth hereinabove, the motion to amend will be granted in part and denied in part by separate order. A modified Permanent Injunction will be entered in accordance with this opinion.

March 6, 2019
**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court